UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~
In re
**KELVIN YOUK-SEE,**    Chapter 13
    Debtor    Case No. 09-22468-JNF
~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**MARIE YOUK-SEE,**    Chapter 7
    Debtor    Case No. 09-20873-JNF
~~~~~~~~~~~~~~~~~~~~~~~~~

**MEMORANDUM**

Upon consideration of 1) the Court's Memorandum and Order dated June 16, 2011 with respect to "BAC Home Loans Servicing, L.P.'s Motion for Reconsideration of Order Granting United States Trustee's Motion for Entry of Order Authorizing the Examination of and Requesting the Production of Documents by BAC Home Loans Servicing, L.P. f/k/a Countrywide Home Loans pursuant to Fed. R. Bankr. P. 2004 and Motion to Quash Subpoena;" 2) the Motion for Stay Pending Appeal of Bank of America, N.A. as Successor by Merger to BAC Home Loans Servicing, LP ("BOA"); 3) the United States Trustee's Opposition to Bank of America, N.A.'s Motion for Stay Pending Appeal; 4) the arguments and authorities cited in the Motion and the Opposition; and 4) the legal standard governing the issuance of a stay pending appeal, which requires the movant to demonstrate that there

1

is likelihood of success on the merits of the appeal; that it will suffer irreparable harm if the stay is not granted; that the harm to the movant if the stay is not granted is greater than the harm to the opposing party; and that the public interest would be furthered by granting the stay, *see* In re Morgan, No. 10-40497-JNF, 2011 WL 1168297 at *6 (Bank. D. Mass. March 29, 2011) (citing In re MEDSCI Diagonistics, Inc., 2011 WL 280866 (Bankr.D.P.R. Jan.25, 2011), and Pye ex rel. N.L.R.B. v. Excel Case Ready, 238 F.3d 69 (1st Cir. 2001)), the Court finds that BOA has failed to satisfy its burden with respect to the issuance of a stay pending its appeal.

In the first place , the Court finds that BOA has failed to satisfy its burden that it will likely prevail on the merits of appeal. Based upon the authorities cited by the United States Trustee, and, in particular, Matter of Vance, 163 F.3d 34 (7th Cir. 1998) ("A majority of courts that have considered the issue have held that orders granting or denying Rule 2004 examinations are, like discovery orders, interlocutory."); In re Gray, 447 B.R. 524 (E.D. Mich. 2011) (finding Rule 2004 order was not a "final order" and refusing to exercise discretion to hear interlocutory appeal); Bank of America Home Loans Servicing, L.P. v. McDermott, U.S. Trustee (In re Santiago), No. 10-17135, 2011 WL 1257209 (N.D. Ohio March 31, 2011) ( a case directly on point  involving Bank of America Home Loans Servicing in which the court concluded that the order authorizing a Rule 2004 examination was not a final order and an interlocutory appeal was unwarranted), the Court concludes that the district court would likely find that the order granting the Rule 2004 examination was not a final order and deny BOA's alternative Motion for Leave to Appeal.

Secondly, the Court finds that BOA has failed to establish that it will suffer irreparable harm. The Court is not persuaded by BOA's argument that it would be compelled to disclose information about its confidential and proprietary business practices that would result in injury to its privacy rights, "potentially placing [it] at a competitive disadvantage." The concerns raised by BOA readily could be addressed through a consensual confidentiality agreement between BOA and the Unites States Trustee.

Finally, the Court finds that public policy will be served by permitting the United States Trustee to conduct a Rule 2004 examination. The Court takes judicial notice of the legion of cases in this district and elsewhere involving complaints about the practices of lenders with respect to borrowers' requests for loan modifications pursuant to the Home Affordable Modification Program. *See, e.g.,* In re Bank of America Home Affordable Modification Program (HAMP) Contract Litigation, No. 10-md-02193, 2011 WL 2637222 (D. Mass. July 6, 2011).

In view of the Court's findings, the Court need not balance the harms as "failure to meet the four prongs dooms the motion." Eck v. Dodge Chemical Co. (In re Power Recovery Sys., Inc.), 950 F.2d 798, 804 n.31 (1st Cir. 1991).

The Court shall enter an order denying the BOA's Motion for Stay Pending Appeal.

By the Court,

*/s/ Joan N. Feeney*

Joan N. Feeney
United States Bankruptcy Judge

August 16 , 2011

3